## MURRAY and another *v.* OVERSTOLTZ and others.

*(Circuit Court, E. D. Missouri.* September 14, 1880.)

1. JURISDICTION OF CIRCUIT COURT—SUPERSEDEAS—INJUNCTION TO RESTRAIN EXECUTION OF JUDGMENT.

Neither a United States circuit court, nor a judge thereof, has authority to interfere by injunction to prevent the execution of a judgment of a state court, upon the ground that it has been superseded by an appeal therefrom to the United States supreme court, nor to enjoin state officials or other officers from disregarding such a *supersedeas.*

2. SAME—SUPREME COURT.

In such cases, the application for an injunction must be made to the United States supreme court, or a judge thereof.

In Equity.

*Chester H. Crum,* for complainants.

*Leverett Bell,* for defendants.

McCRARY, C. J. The judges of the circuit court have power to grant writs of injunction only in cases where they might be granted by the circuit court. If the case is one in which an injunction might be granted by the supreme court, then application must be made to that court, or to a judge thereof. Rev. St. § 719.

The complainants claim to be the owners of a certain franchise known as the "Missouri State Lottery." The attorney general of Missouri recently instituted a proceeding by *quo warranto* against complainants in the supreme court of Missouri, alleging that said franchise ceased and expired on the first day of January, 1878, and praying judgment of ouster. Issue was joined, and upon final hearing judgment of ouster was rendered by the said supreme court of Missouri.

The bill alleges in substance that the record of that case presented to the supreme court of Missouri for decision a federal question, to-wit: Whether, under certain statutes of Missouri, and certain contracts made thereunder, and by virtue of certain decisions of the supreme court of that state, there was a contract extending beyond the first day of January, 1878, the obligation of which would be impared by denying to complainants the right to carry on business as a lottery company after that date. This federal question having been decided adversely to complainants, the bill avers that they sued out a writ of error to the supreme court of the United States, and filed a bond, which, being duly approved, operates as a *supersedeas.*

The complainants' claim is that, having given a *supersedeas* bond, it is their right to continue their business as a lottery company, pend-

ing the decision of the case in the supreme court, the same as if no judgment of ouster had been rendered; and they aver that respondents threaten that they will interfere with complainants by prosecuting, arresting, and seizing any of their agents who may be engaged in the prosecution of their lottery business, thus anticipating the judgment of the supreme court of the United States upon the aforesaid writ of error.

If the threatened proceedings on the part of respondents should be enjoined at all, it is because, if permitted, they would interfere with the power and right of the supreme court of the United States, by virtue of the writ of error, to take control of, and deal with, the entire subject-matter of the litigation. Whether the supreme court has jurisdiction by virtue of the writ of error, and whether, if so, the threatened proceedings would interfere with its exercise, are questions for the supreme court to decide, and cannot be determined by a judge of the circuit court.

The complainants have set out in their bill very fully the substance of the proceedings in the *quo warranto* case, and also the steps taken in order to obtain a writ of error and *supersedeas,* and counsel have argued before me at great length the question whether there was a federal question in the case, which involves, of course, the question whether the supreme court has jurisdiction thereof. It is not only clear that this is a question which might be decided by the supreme court, but also that it cannot be decided by any other court. And, since the decision of this question must precede and in large measure determine the question of the right of complainants to the injunction, I am clearly of opinion that the application must be addressed to the supreme court or to one of the judges thereof. That court is authorized to issue any writ which may be necessary for the exercise of its jurisdiction, and agreeable to the usages and principles of law. Rev. St. § 716. If the effect of the threatened proceedings would be to interfere with the exercise of the jurisdiction of the supreme court in the *quo warranto* case, or to deprive the complainants of the full benefit of their writ of error and *supersedeas* bond, then the supreme court *can* enjoin them, and a temporary injunction for that purpose can be granted by a judge of that court.

I know of no authority for the doctrine that the circuit court, or a circuit judge, may interpose, by injunction, to prevent the execution of the judgment of a state court, upon the ground that it has been superseded by an appeal to the supreme court, or to enjoin state officials, or others, from disregarding such *supersedeas.* In every

'such case an injunction is in aid of the jurisdiction of the supreme court.

This is, therefore, a case in which an injunction might be granted by the supreme court, or a judge thereof, and not a case for the consideration of a circuit court or a circuit judge.